**JS-6**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**<u>CIVIL MINUTES – GENERAL</u>**

Case No. 8:26-cv-01368-DOC-JDE                              Date:  June 11, 2026

Title: Maira Medina v. Nutraceutical Wellness, Inc. et al

PRESENT:                    <u>THE HONORABLE DAVID O. CARTER, JUDGE</u>

<u>Karlen Dubon</u>                                   <u>Not Present</u>
Courtroom Clerk                              Court Reporter

ATTORNEYS PRESENT FOR              ATTORNEYS PRESENT FOR
PLAINTIFF:                                       DEFENDANT:
None Present                                      None Present

PROCEEDINGS (IN CHAMBERS):   **ORDER REMANDING CASE TO**
**STATE COURT SUA SPONTE**

On the Court's own motion, the Court hereby **REMANDS** this case to the Superior Court of California, County of Orange.

**I.      Background**

This is an employment action brought under California state law. Plaintiff Maira began employment with Defendant, Nutraceutical Wellness, Inc., as a Customer Experience Associate on February 10, 2025. Complaint ¶ 10 ("Compl.") (Dkt. 1-3). Plaintiff worked remotely from her home. *Id.* Plaintiff alleges that on March 28, 2025, while she was working from her home office, an individual vandalized Plaintiff's apartment causing Plaintiff to leave work early that day. *Id.* ¶ 11. Following the incident, on July 4, 2025, Plaintiff alleges that she was formally diagnosed with Post-Traumatic Stress Disorder (PTSD) by her psychiatrist which resulted in difficulty understanding or remembering verbal direction and difficulty handling time pressure. *Id.* ¶ 12.

In May, Plaintiff submitted her first accommodation request to Defendants' Human Resources department to address her mental health condition. *Id.* ¶ 14. Plaintiff alleges that Defendants began engaging in a pattern of "bureaucratic delays" and did not

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-01368-DOC-JDE                                    Date: June 11, 2026
                                                                                   Page 2

engage in a meaningful interactive process required by the Government Code Section 1290(n). *Id.*

Plaintiff alleges that Defendant created unnecessary obstacles for Plaintiff to obtain the accommodation needed. *Id.* ¶ 16. As a result, Plaintiff alleges that she took unpaid leave for mental health support while waiting for her accommodation requests to be processed. *Id.*

In July 2025 and then again when Plaintiff returned from leave in September 2025 Plaintiff alleges that Defendant proposed an inadequate schedule change which did not address Plaintiff's specific accommodation need for communication flexibility. *Id.* ¶ 17. On September 16, 2025, Plaintiff alleges that she experienced elevated anxiety and requested to be temporarily removed from phone duties. *Id.* ¶ 18. Plaintiff alleges that Human Resources initially approved her request and then later that day informed Plaintiff, due to business needs, that they could not honor the accommodation. *Id.* Plaintiff further alleges that Human Resources threatened Plaintiff that if she did not appear for her scheduled phone shift that she would be considered to have voluntarily resigned. *Id.*

On September 17, 2025, Defendants terminated Plaintiff's employment due to Plaintiff's absences exceeding company policy. *Id.* ¶ 20. Plaintiff alleges that these absences were directly related to her disability and Defendants' failure to provide reasonable accommodations required by California's Fair Employment and Housing Act (FEHA) Government Code Section 12940(m). *Id.*

Plaintiff alleges the following causes of action: (1) Mental Disability Discrimination of California Government Code § 12940(a) (FEHA) ; (2) Retaliation for Protected Activity under California Government Code § 12940(h) (FEHA); (3) Harassment and Hostile Work Environment of California Government Code § 12940(j) (FEHA); (4) Failure to Prevent Discrimination and Retaliation in violation of California Government Code § 12940(k) (FEHA); (5) Failure to Provide Reasonable Accommodations in Violation of California Government Code § 12940(m) (FEHA); (6) Failure to Engage in Good Faith Interactive Processes in Violation of California Government Code § 12940(n) (FEHA); (7) Wrongful Termination in Violation of Public Policy; (8) Whistleblower Retaliation in Violation of California Labor Code § 1102.5; (9) Whistleblower Retaliation in Violation of California Labor Code § 6310; (10) Retaliation for Exercising Labor Code Rights in Violation of California Labor Code § 98.6; (11) Negligent Hiring, Supervision, and Retention; (12) Failure to Timely Pay Wages When

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-01368-DOC-JDE                                    Date: June 11, 2026
                                                                           Page 3

Due in Violation of California Labor Code § 204; (13) Failure to Timely Pay Final Wages at Separation in Violation of California Labor Code §§ 201-2013; (14) Failure to Provide Accurate Itemized Wage Statements in Violation of California Labor Code § 226; (15) Failure to Maintain Required Payroll and Employment Records in Violation of California Labor Code § 1198.5; (16) Failure to Provide Employment Records Upon Request in Violation of California Labor Code §§ 226, 1198.5; (17) Unfair Business Practices in Violation of California Business and Professions Code §§ 17200, *et seq*. *See generally* Compl.

Plaintiff originally filed suit in the Superior Court of California, County of Orange, on April 22, 2026, and Defendant was served on April 30, 2026. *See generally* Notice of Removal ("Not.") (Dkt. 1). On May 28, 2026, Defendant removed the action to this Court, asserting diversity jurisdiction. *Id*.

## II.    Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed *against* removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted).

Federal diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

Generally, a removing defendant must prove by a preponderance of the evidence that the amount in controversy satisfies the jurisdictional threshold. *Guglielmino v.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-01368-DOC-JDE                                        Date: June 11, 2026
                                                                                              Page 4

*McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2008). If the complaint affirmatively alleges an amount in controversy greater than $75,000, the jurisdictional requirement is "presumptively satisfied." *Id.* In that situation, a plaintiff who then tries to defeat removal must prove to a "legal certainty" that a recovery of more than $75,000 is impossible. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Crum v. Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000). This framework applies equally to situations where the complaint leaves the amount in controversy unclear or ambiguous. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

A removing defendant "may not meet [its] burden by simply reciting some 'magical incantation' to the effect that 'the matter in controversy exceeds the sum of [$75,000],' but instead, must set forth in the removal petition the underlying facts supporting its assertion that the amount in controversy exceeds [$75,000]." *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (quoting *Gaus*, 980 F.2d at 567). If the plaintiff has not clearly or unambiguously alleged $75,000 in its complaint or has affirmatively alleged an amount *less* than $75,000 in its complaint, the burden lies with the defendant to show by a preponderance of the evidence that the jurisdictional minimum is satisfied. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010); *Guglielmino*, 506 F.3d at 699.

While the defendant must "set forth the *underlying facts* supporting its assertion that the amount in controversy exceeds the statutory minimum," the standard is not so taxing so as to require the defendant to "research, state, and *prove* the plaintiff's claims for damages." *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010) (emphases added). In short, the defendant must show that it is "more likely than not" that the amount in controversy exceeds the statutory minimum. *Id*. Summary judgment-type evidence may be used to substantiate this showing. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). For example, defendants may make mathematical calculations using reasonable averages of hourly, monthly, and annual incomes of comparable employees when assessing the amount in controversy in a wrongful termination suit. *Coleman*, 730 F. Supp. 2d. at 1148–49.

If the court lacks subject matter jurisdiction, any action it takes is ultra vires and void. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 101–02 (1998). The lack of subject matter jurisdiction may be raised at any time by either the parties or the court. Fed. R. Civ. P. 12(h)(3). If subject

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-01368-DOC-JDE                                    Date: June 11, 2026
                                                                               Page 5

matter jurisdiction is found to be lacking, the court must dismiss the action, *id.*, or remand pursuant to 28 U.S.C. § 1447(c). A court may raise the question of subject matter jurisdiction *sua sponte*. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

## III.    Discussion

Defendant argues that the Court has diversity jurisdiction in this action. Not. at 3-11. The Court disagrees.

Here, Plaintiff does not expressly allege an amount in controversy over $75,000. *See generally* Compl. Accordingly, Defendant must show by a preponderance of the evidence that the jurisdictional minimum is satisfied. *See Geographic Expeditions, Inc.*, 599 F.3d at 1106-07; *Guglielmino*, 506 F.3d at 699.

Defendant states that Plaintiff's lost wages from her last day of work on September 17, 2025, until filing of Notice of Removal on May 29, 2026, amount to $38,076.84. Not. at 7. This is based on the fact that Plaintiff earned approximately $1,057.69 per week and there are 36 weeks between September 17 and May 29. *Id.* Defendant also states waiting time penalties pursuant to Labor Code section 203 to be approximately $4,532.70. *Id.* Defendant calculates recovery penalties under Labor Code section 226.3 to total approximately $22,250.00. *Id.* at 8. Defendant then states a statutory penalty of $750 under Labor Code section 226 and an additional $750 penalty under Labor Code section 1198.6 for a total of $1,500.00. *Id.* at 9. Defendant also states that Plaintiff seeks an award for statutory penalties which include the imposition of a $10,000 penalty for violation of California Labor Code section 1102.5. *Id.* California Labor Code section 1102.5(f) states that an employer is liable for a civil penalty not exceeding ten thousand dollars ($10,000). "Under California law, the *maximum* civil penalty for unlawful retaliation against whistleblowers is $10,000 for each violation." *Nikmanesh v. Wal-Mart Stores, Inc.*, No. SACV 15-202 JGB (JCGx), 2022 WL 1837515, at *11 (C.D. Cal. 2022) (emphasis added). Thus, under the language of the Labor Code, the civil penalty of $10,000 is not a fixed fine and indicates a ceiling rather than a mandatory amount. The Defendant provides no factual support for its claim that the civil penalty will reach the maximum $10,000 penalty. Without the $10,000 penalty calculation, the amount in controversy falls to $67,110.76, which is below the $75,000 threshold.

Defendant asserts that other awards Plaintiff seeks such as emotional distress damages, front pay, punitive damages, and attorney's fees exceed the amount in

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-01368-DOC-JDE                                    Date: June 11, 2026
                                                                                      Page 6

controversy requirement. However, this Court does not include the types of speculative damages and awards that Defendant includes when calculating the amount in controversy. *See Traxler v. Multnomah Cnty.*, 596 F.3d 1007, 1011 (9th Cir. 2010) (recognizing that front pay is speculative); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees *may* be included in the amount in controversy."). Because Defendant has not satisfied its burden to show that more than $75,000 is at issue in this case, the Court lacks diversity jurisdiction.

The Court's decision not to include speculative awards in the amount in controversy is reinforced by the fact that Congress has not raised the amount in controversy since 1996 — nearly three decades ago.[1] *See* The Federal Courts Improvement Act of 1996, 110 Stat. 3850. Since then, the inflation rate is over 100% (*i.e.*, prices have more than doubled). Thus, adjusted for inflation, the amount in controversy should be over $150,000 today. Stated conversely, a case worth $75,000 in 1996 is worth less than $37,500 in today's dollars. Because inflation has plainly decreased the "real" value of the amount in controversy, more and more cases are able to meet the jurisdictional threshold and can be brought in federal court. As federal diversity jurisdiction expands, state court jurisdiction to decide purely state law issues and develop state law correspondingly decreases. Thus, the federal jurisdictional creep is incompatible with the most basic principles of federalism.

Federalism is not the only loser in Congress's failure to increase the amount in controversy. When a case is improperly removed, as happened here, ultimate resolution is delayed. Moreover, if a court does not immediately remand a case sua sponte, a plaintiff may move to remand. Because cases subject to motion to remand are typically small dollar cases, this increased motion work can quickly cause attorneys' fees to outrun any potential recovery and places an immense burden on a plaintiff's lawyer working on contingency. In this respect, the current low jurisdictional threshold reduces access to justice. Therefore, the Court respectfully encourages Congress to reconsider the amount in controversy minimum.

---

[1] For reference, in 1996, the minimum wage was $4.75 per hour, and only 16% of Americans had cell phones. Indeed, the current amount-in-controversy is older than both of my law clerks.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-01368-DOC-JDE                                        Date: June 11, 2026
                                                                                  Page 7

## IV.   Disposition

For the reasons set forth above, the Court hereby **REMANDS** this case to the Superior Court of Orange County. Accordingly, The Scheduling Conference set for August 3, 2026 is hereby VACATED and removed from calendar.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                              Initials of Deputy Clerk: kdu
CIVIL-GEN